# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Allen Sharp | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 5719 | DATE | May 26, 2000 |
| CASE TITLE | Everett Alexander Burnett v. Suzanne B. Conlon and Charles L. Norgle | | |

[In the following box (a) indicate the party filing the motion, e.g., Plaintiff, defendant, 3rd party Plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The court certifies that the appeal in this case is not taken in good faith; denies appellant's petition to proceed in forma pauperis; and advises the appellant that Federal Rule of Appellate Procedure 24(a)(5) allows an appellant "to file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after" the clerk of the district court has provided him with the notification discussed in Fed. R. Civ. P. 24(a)(4) that the district court has determined that he is not entitled to proceed in forma pauperis on appeal.

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 3 0 2000 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | docketing deputy initials | 14 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| STE | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EVERETT ALEXANDER BURNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 99 C 5719 |
| ) | |
| SUZANNE B. CONLON and CHARLES ) | |
| L. NORGLE, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
MAY 30 2000

## *MEMORANDUM AND ORDER*

Everett Burnett is a prisoner confined at the Standish Maximum Correctional Facility in Standish, Michigan. Mr. Burnett filed a *pro se* complaint pursuant to 42 U.S.C. § 1985 against Suzanne B. Conlon and Charles L. Norgle, both of whom are United States District Court Judges for the Northern District of Illinois. On March 8, 2000, this court dismissed the complaint "in its entirety for failure to state a claim on which relief may be granted, §1915(e)(2)(B)(ii), and because it is frivolous, §1915(e)(2)(B)(i)." Mr. Burnett has filed a notice of appeal and a motion to proceed *in forma pauperis* on appeal.

In his complaint, the plaintiff alleged that Judges Conlon and Norgle acted deliberately and maliciously by dismissing two civil rights lawsuits he filed in the Northern District of Illinois. The plaintiff further alleges that the defendants dismissed his cases in order to violate his right to due process, and to deny him equal protection and access to the courts. In its memorandum and order, the court discussed the doctrine of judicial immunity and noted that:

A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. *Stump*, 435 U.S. at 356-57, (quoting *Bradley*, 80 U.S. at 351); *Dellenbach*, 889 F.2d at 758. Furthermore, a judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Stump*, 435 U.S. at 359; *Dellenbach*, 889 F.2d at 759. Judges Conlon and Norgle are entitled to absolute judicial immunity if their actions meet a two-part test. First, the acts must be within the judge's jurisdiction. Second, these acts must be performed in the judge's judicial capacity. *Dellenbach*, *id.* (citing *Stump*, 435 U.S. at 356, 360; *Bradley*, 80 U.S. at 351-52).

As United States District Judges, Judges Conlon and Norgle had jurisdiction over the civil rights proceedings filed by the plaintiff. Judge Conlon dismissed the plaintiff's previous complaint for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. §1915(e)(2). Judge Norgle dismissed the plaintiff's complaint as frivolous pursuant to 28 U.S.C. §1915(e)(2). The dismissal of a lawsuit pursuant to 28 U.S.C. §1915(e)(2) is certainly a judicial act. *See John v. Barron*, 897 F.2d at 1392 (test is whether the acts are those normally performed by a judge) (citations omitted). Thus, Judges Conlon and Norgle are immune from civil damages.

In its memorandum and order, the court notified Mr. Burnett that if he appeals and "this court finds the appeal is not taken in good faith, and the Court of Appeals agrees, he will not be permitted to proceed *in forma pauperis* and pay the fee in installments, but will have to pay immediately or the appeal will be dismissed. 28 U.S.C. § 1915(a)(3)." The court also cited *Newlin v. Helman*, 123 F.3d 429, (7th Cir. 1997), a case that has since been overruled in large part by *Lee v. Clinton*, ___ F.3d ___, 2000 WL 361695 (7th Cir. 2000). This court further noted in its memorandum that "to avoid a finding that the appeal is in good faith, a motion to proceed *in forma pauperis* on appeal should explain the grounds for the appeal." *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999); Fed. R. App. P. 24(a)(1)(C).

In his affidavit accompanying motion for permission to appeal *in forma pauperis*, Mr. Burnett advised the court that his issues on appeal will be "(d)enial [of] fair and equal protection. Malicious Prosecution [and] obstruction of justice, [and]conspiracy . . . [to violate] . . . constitutional

2

rights human rights . . . [and the] . . . declaration of independence by a racist corrupt abusive government system by white people for white people." This declaration does not afford any reason that would justify this court in finding that Mr. Burnett's appeal is in good faith.

In *Lee v. Clinton*, ___ F.3d at ___, 2000 WL 361695 at p. 2, the Seventh Circuit held that "good faith" for purposes of § 1915A is the common "legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say that no reasonable person could suppose to have any merit." The Seventh Circuit concluded that "(t)here is no reason why obviously frivolous appeals such as Lee's appeals, bound to be dismissed as soon as appellate judges get hold of them should have to be authorized by district court judges . . ." *Id.* After reviewing Mr. Burnett's claims, in light of *Lee v. Clinton*, this court concludes that his appeal should be certified as not having been taken in good faith because the doctrine of judicial immunity is so clear and well established that no reasonable person could suppose claims such as those advanced by Mr. Burnett to have any merit.

For the foregoing reasons, the court:

(1) CERTIFIES that the appeal in this case is not taken in good faith;

(2) DENIES the appellant's petition to proceed *in forma pauperis*; and;

(3) Advises the appellant that Federal Rule of Appellate Procedure 24(a)(5) allows an appellant "to file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after" the clerk of the district court has provided him with the notification discussed in Fed. R. Civ. P. 24(a)(4) that the district court has determined that he is not entitled to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

DATED: May 19, 2000

/s/ Allen Sharp
ALLEN SHARP, JUDGE
UNITED STATES DISTRICT COURT